# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 07-15 |
| DAVID DOMINIC BOYCE | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

Defendant Boyce used a computer to contact an eighth-grade girl in Ohio. He then travelled to Ohio to pick her up and bring her back to his home in Pennsylvania, in order to have sex with her. Despite multiple violations of his subsequent supervised release relating to his continued access to, and use of, unmonitored devices, Boyce seeks the early termination of his supervision. Because his supervision is helping to keep Boyce on a much better path than he has been on in the past, his motion for early termination of supervision should be denied.

## BACKGROUND

On September 24, 2006, the family of an eighth-grade girl in Ohio notified police that a 25-year old man named "Dave" had sexually propositioned the girl. PSR ¶ 8. The next day an undercover officer pretended to be the 15-year-old girl and received additional sexually explicit communications from "Dave." PSR ¶ 9. Boyce then travelled from Pennsylvania, through West Virginia, to Ohio in order to meet the girl and take her back to Pennsylvania. PSR ¶¶ 9-10. Boyce was arrested and confessed. PSR ¶ 11. His computer was found to contain apparent child pornography, but it did not include images of a minor who had not attained the age of 12 years. PSR ¶ 12; U.S.S.G. § 2G1.3(b)(5).

The federal Indictment was filed on January 16, 2007 and contained two counts: 1) Coercing and Enticing a minor to engage in sexual activity; and 2) travel with intent to engage in

illicit sexual conduct. PSR ¶ 2. Count One involved a minimum mandatory sentence of five to 30 years of incarceration, while Count Two carried no minimum mandatory and a 30-year maximum. Doc. No. 3. On April 11, 2007, Boyce plead guilty to County Two pursuant to a written plea letter which agreed to dismiss Count One. Doc. No. 26. After considering the sentencing guideline range of 46 to 51 months, Boyce was sentenced on July 5, 2007 to 46 months of incarceration and a lifetime of supervision. Doc. No. 39.

Boyce began his supervision on August 6, 2010 and multiple modifications and violation notices have followed. See, Doc. Nos. 42 (modification), 46 (modification), 50 (modification), 53 (modification), 55 (modification), 60 (petition), 65 (modification), 67 (supplemental petition), 69 (supplemental petition), 88 (supplemental petition), 91 (violation hearing). For example, during his August 31, 2017 violation hearing, Boyce admitted to not only accessing an unmonitored device more than once, but accessing multiple devices, and different occasions, after previously committing the same violations. Doc. No. 97 at 7-8 (admitting that Boyce had repeated the same condition approximately a year and a half after the previous violation of the same type). On March 23, 2023, Boyce filed a motion requesting that the Court terminate his supervision. Doc. No. 104. Boyce calls his supervision "burdensome," Doc. No. 104 at 1, but fails to supply any indication of how his supervision is any more burdensome than that faced by essentially every defendant who commits predatory child sex offenses. Boyce's current United States Probation Officer, Adam Weaver, has confirmed that his office takes no position regarding early termination requests, and that the Probation Office is unaware of any recent supervision violations.

**LEGAL FRAMEWORK**

Under 18 U.S.C. § 3583(e), this Court may, under specified conditions, terminate a term of supervised release prior to its expiration. The statute provides that after a defendant has served

2

at least one year of his supervised release, a court may terminate supervision "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Importantly, a defendant "bears the burden of establishing that his conduct and the interests of justice justify an early termination of supervised release." *United States v. Welling*, No. 20-cr-167, 2021 WL 409834, at *1 (W.D. Pa. Feb. 5, 2021) (Conti, J.) (internal quotation marks omitted); *see also United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006).

In assessing whether a defendant has met his burden, the Court must consider specific portions of 18 U.S.C. § 3553(a). 18 U.S.C. § 3583(e)(1). "After considering these factors, the court may provide relief only if it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020) (citing 18 U.S.C. § 3583(e)(1)).[1] "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Id.* (quoting *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014)).

When conducting the necessary analysis, however, district courts should generally ask whether new or unforeseen circumstances have arisen. *Id.* at 53. While the Third Circuit acknowledged in *Melvin* that it "disavow[ed] any suggestion that new or unforeseen circumstances must be shown," it noted that as a general rule:

> early termination of supervised release under § 3583(e)(1) will be proper 'only when the sentencing judge is satisfied that new or unforeseen circumstances' warrant it. That is because, if a sentence was 'sufficient, but not greater than necessary' when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term

---

[1] "District courts are not required to make specific findings of fact with respect to each of these [§ 3553(a)] factors; rather, 'a statement that [the district court] has considered the statutory factors is sufficient.'" *Melvin*, 978 F.3d at 52–53 (quoting *United States v. Gammarano*, 321 F.3d 311, 315–16 (2d Cir. 2003)).

3

of supervised release.

*Id.* (citations, internal quotation marks omitted).

## ARGUMENT

### A.   Boyce Has Failed to Prove That Early Termination is Warranted.

Boyce's federal case did not result from Boyd's thoughts, or fantasies, or theoretical desires. Instead, Boyce intentionally made multiple actions evidencing that his intent was to have sex with an underage girl. Specifically, Boyce intentionally communicated with an eighth-grader for the specific purpose of having sex with her. PSR ¶ 8. He continued these communications and then propositioned her. PSR ¶ 9. Boyce then travelled from Pennsylvania, through West Virginia, to Ohio and met with an undercover officer now portraying the student. PSR ¶¶ 9-10. More problematic is that Boyce intended to take the girl far from her Ohio home in order to have sex with her. PSR ¶ 9. Thus Boyce intended to ensure that the already vulnerable child would be far more vulnerable. As indicated above, Boyce served his 46-month sentence and was released to his lifetime period of supervised release on August 6, 2010. Doc. No. 69 at 1. Boyce subsequently violated his supervision many times and was sentenced to an additional six-months of prison time during his last violation hearing on August 31, 2017. Doc. No. 91. Boyce was released to supervision once again, on February 27, 2018. Bop.gov/inmateloc/ (last visited Apr. 24, 2023).

Since his most recent release from federal prison, things appear to have changed for the better. Although United States Probation Officer Weaver (USPO Weaver) was only assigned to Boyce's case approximately one year ago, his review confirms that Boyce has had no new violations of his supervision. Given Boyce's concerted and dogged efforts to commit a very serious crime, and his multiple subsequent violations of his supervised release, continued supervision has clearly been an important deterrent to him after his most recent incarceration.

Thus, it appears that supervision is functioning as intended and termination is unwarranted.

      **B.     The Relevant Sentencing Factors Weigh Against a Reduction of Boyce's Term of Supervised Release.**

          **1.     The Nature and Circumstances of the Offense and The History and Characteristics of the Defendant (18 U.S.C. § 3553(a)(1))**

The factors in § 3553(a)(1) weigh heavily against early termination. Boyce travelled across state lines in an effort to pick up an eighth-grade girl and bring her back to Pennsylvania for the purposes of having sex with her. PSR ¶ 9. This is clearly a very serious offense. Doc. No. 97 at 15 (transcript of supervised release violation hearing where the Court notes that "[t]he conduct underlying your original conviction in this case as very serious"); *United States v. Dye*, 638 Fed. App'x 117, 121 (3d Cir. 2015) (considering the seriousness of this and other offenses at the time of sentencing). Boyce has failed to successfully complete his previous periods of supervision. *United States v. Triplett*, 2020 WL 6701023 *1 (W.D. Pa. Nov. 13, 2020) (considering previous supervision violations when denying early termination). Since Boyce committed a very serious crime and violated his supervision many times, these factors weigh heavily against granting early termination.

          **2.     The Need for the Sentence Imposed to Afford Adequate Deterrence to Criminal Conduct and Protect the Public from Further Crimes of the Defendant, and the Need to Provide the Defendant with the Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner (18 U.S.C. § 3553(a)(2)(B)-(D))**

These factors appear to weigh most heavily against Boyce. As this Court has recognized, "[a] lengthy term of supervision deters criminal conduct and protects the public from further crimes by a defendant." *Welling*, 2021 WL 409834, at *3. Here, it appears from the lack of new violations that supervision has recently fulfilled its intended purpose. "The fact of compliance may very well mean that supervision is serving its deterrent and rehabilitative purposes and

continuation of it to full term will achieve its desired effects on the supervised individual and community." *United States v. Treutelaar*, No. 20-235, 2021 WL 2550651, at *4 (W.D. Pa. June 22, 2021) (Colville, J.).

Based on the clear need to deter Boyce from slipping back into criminal activity and supervision violations, supervised release was appropriate and remains so. It appears that supervised release is also protecting the public.

Boyce does not raise any issues related to his need for educational or vocational training, medical care, or other correctional treatment. Because supervision is still needed to deter him, this factor does not favor Boyce.

### 3. The Sentencing Range Established by the Sentencing Commission (18 U.S.C. § 3553(a)(4))

The PSR determined that Boyce's total offense level was a 23 and that his criminal history category was I. PSR ¶ 50. The sentencing guideline range for the offense that Boyce pleaded guilty to called for 46 to 57 months of incarceration and supervision of between three and five years. PSR ¶¶ 50, 53. The Court determined that a bottom-of-the-guideline range sentence of 46 months of incarceration, followed by supervision of life, was sufficient but not greater than necessary. Doc. No. 39. As noted above, the government agreed to dismiss Count One of the Indictment and the minimum mandatory five-year period of incarceration that this Count required. Since the Court obviously considered the period of supervision when imposing a sentence at the bottom of the guideline range, and that range was below the otherwise minimum sentence applicable, this factor does not weigh in favor of early termination.

### 4. Any Pertinent Policy Statement Issued by the Sentencing Commission (18 U.S.C. § 3553(a)(5))

The United States is not aware of any Sentencing Commission policy statements that are relevant to deciding the Boyce's motion, nor does he reference any such statements.

### 5. The Need to Avoid Unwarranted Sentence Disparities Among Defendants with Similar Records Who Have Been Found Guilty of Similar Conduct (18 U.S.C. § 3553(A)(6))

As noted, Boyce's sentence of supervision was at the bottom of the sentencing guideline range applicable after the government withdrew Count One. And Boyce subsequently committed multiple violations of his supervision. Terminating his supervision at this point would therefore cause an unwarranted disparity with other similarly situated defendants. Thus, this factor does not weigh in Boyce's favor. *See Welling*, 2021 WL 409834, at *4 ("There is no evidence that [defendant's] term of supervised release should be terminated to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct").

### 6. The need to provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7))

There was no restitution imposed in this matter, so this factor is neutral.

### C. Boyce Has Not Established That Early Termination is Warranted in the Interest of Justice.

The applicable § 3553(a) factors reviewed above make clear that Boyce fails to meet his burden to establish that his conduct and the interest of justice warrant early termination of his supervised release. A defendant's compliance with the conditions of supervision is required, not optional, and alone should not warrant early termination. *See Welling*, 2021 WL 409834, at *4 ("Compliance with the conditions of supervision, including refraining from engaging in criminal conduct, is *required* behavior while serving a term of supervised release.") (emphasis in original); *United States v. McCain*, No. 95-36-8, 2021 WL 2355687, at *4 (W.D. Pa. June 9, 2021) (Conti, J.) (same); *Treutelaar*, 2021 WL 2550651, at *4 ("The fact of compliance may very well mean that supervision is serving its deterrent and rehabilitative purposes and continuation of it to full term will achieve its desired effects on the supervised individual and community."). Terminating

Boyce's supervision is not in the interests of justice, as it is currently doing its job of deterring him from falling back into his significant history of criminal behaviors.

**CONCLUSION**

Because Boyce has failed to meet his burden of proof, because his supervision appears to be providing him with significant deterrence, and because he has failed to prove that the § 3553(a) factors require a reduction in the supervision originally determined to be sufficient, but not greater than necessary, the Court should deny his Motion.

Respectfully submitted,
TROY RIVETTI
Acting United States Attorney

/s/ *Ross E. Lenhardt*
ROSS E. LENHARDT
Assistant U.S. Attorney
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
PA ID No. 53627